08-10078.rr

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-10078-CR-MARTINEZ/BROWN

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JUERGEN HEINTZ WILLIAMS, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      This cause is before the Court on the Defendant Cameron Curry's Motion to Dismiss Counts
1 and 3 of the Indictment (DE 120) and on Defendant Howard Bornstein's Motion to Dismiss Counts
1 and 3 of the Indictment (DE 126).[1]  The Court has reviewed the Motions and the Government's
Omnibus Response.  No replies were filed.

      Defendants, in their virtually identical motions, request that the Court dismiss this action
based on lack of subject matter jurisdiction because the Indictment was filed after the applicable five
year statute of limitations.

### Facts

      This case was originally indicted on November 21, 2008.  A Superseding Indictment was
returned on May 26, 2009.

      Count 1 charges that Defendants Curry, Bornstein, Lynch and Williams conspired from in

---

[1]Both motions have been adopted by Co-Defendants Juerguen Heinz Williams and
Morgan Lynch.

1

or around January 1995, and continuing through in or around February 2005, in Monroe County, in the Southern District of Florida, and elsewhere, to import a controlled substance into the United States, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963. Pursuant to Title 21, United States Code, Section 960(b)(1)(g), it is alleged that the violation involved 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana and that pursuant to Title 21, United States Code, Section 960(b)(3), the violation also involved a mixture and substance containing a detectable amount of marijuana in the form of hashish oil.

Count 3 charges that during the same period, Defendants Curry, Bornstein, Lynch and Williams conspired to possess a controlled substance with the intent to distribute in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846. Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(vii),  it is alleged that the violation involved 1,000 kilograms or more of a substance containing a detectable amount of marijuana and that pursuant to Title 21, United States Code, Section 841(b)(1)(C), the violation also involved a mixture and substance containing a detectable amount of marijuana in the form of hashish oil.[2]

### Discussion

Because the Government has charged Defendants with a non-overt act conspiracy, in order to satisfy the statute of limitations, the Government must allege and prove that the conspiracy continued into the five year limitations period. United States v. Harriston, 329 F.3d 779, 783 (11th

---

[2]Only Defendant Williams is charged in Counts 2 and 4 of the Superseding Indictment, which are not the subject of the instant motion.

Cir. 2003) (citing <u>United States v. Arnold</u>, 117 F.3d 1308, 1313 (11th Cir. 1997)).

> The government only has to show, either directly or circumstantially, that a conspiracy existed; that the defendant knew of the conspiracy; and that with knowledge, the defendant became a part of the conspiracy. *Id.* A conspiracy is deemed to have continued as long as the purposes of the conspiracy have neither been abandoned nor accomplished and the defendant has not made an affirmative showing that the conspiracy has terminated. [citation omitted]. A defendant can overcome this presumption of continued participation only by showing that he affirmatively withdrew from the conspiracy or that the final act in furtherance of the conspiracy has occurred. [citation omitted].

<u>Id.</u>

Defendants argue that the evidence shows that the conspiracy in which they are alleged to have joined in Counts 1 and 3 was one to import hashish oil from Jamaica and a small amount of marijuana, and that it"began and ended operating in the late 1990's." Mot. p. 2. They allege that there was no further criminal activity by them for four years, and that in December 2003, a separate conspiracy was formed, the goal of which was to import marijuana, as opposed to hashish oil, from Jamaica to South Florida by way of a different vessel. Defendants claim no involvement in this conspiracy other than by Defendant Williams. They allege that an additional conspiracy began in June 2004 and ended in May of 2006 to transport cocaine and money in the Caribbean, and yet another was formed in 2007 to import marijuana from Jamaica to South Florida, respectively. Defendants claim no involvement in either of these later conspiracies.

Defendants argue that because the first conspiracy ended in the late 1990's, the Superseding Indictment, which was filed more than five years later, must be dismissed.[3]

In response, the government proffers that it will prove at trial through the testimony of co-

---

[3]The Court notes that because the Motions (which Defendant Williams has adopted) state that Defendant Williams was involved in the 2003 conspiracy, this argument does not even apply to him.

conspirators that each of the Defendants knowingly and intentionally participated in a conspiracy which continued until on or about February 2005, the purpose and goal of which was "to travel to Jamaica on sailboats, to then obtain, transport and import multiple shipments of marijuana and marijuana in the form of hashish oil into the Southern District of Florida and elsewhere and that the drugs were then re-distributed." Resp. p. 3. The Government maintains that its evidence will prove the roles of each Defendant during the pendency of the conspiracy: Curry as principal customer of approximately four to five shipments of hashish oil in individual amounts of 400 to 600 pounds per shipments that were imported in the Southern District of Florida; Williams as the overseer, director, manager and leader of the conspiracy; and Defendants Lynch and Bornstein as off-loaders for a shipment of 400 to 600 pounds of hashish oil that was imported by sailboat into the Florida Keys during the conspiracy.

The Government maintains that its evidence will show that Defendant Williams and at least one other co-conspirator remained in the conspiracy throughout its lifespan. while the other Defendants "came and went during the pendency of the conspiracy" (Resp. p. 4) but that none of the Defendants withdrew from the conspiracy, which "continued unabated in the exact manner as when it was initiated, with the exact goals and purposes until February 2005." Resp. p. 5.[4]

Defendants' statute of limitations argument is based on the theory that multiple conspiracies existed. The Eleventh Circuit Court of Appeals has stated:

> Because the jury determines the question of fact as to whether the evidence establishes a single conspiracy, the arguable existence of multiple conspiracies

---

[4]The Government maintains the concluding drug importation in the conspiracy occurred on February 9, 2005, when a sailing vessel was interdicted by CBP and ICE Agents at Fort Lauderdale, Florida, upon its return to the United States from Jamaica, and a search revealed approximately 1,364 pounds of marijuana that had been concealed in the vessel.

4

> does not constitute a material variance from the indictment if, viewing the
> evidence in the light most favorable to the Government, a reasonable trier of
> fact could have found a single conspiracy existed beyond a reasonable doubt.

United States v. Richardson, 523 F.3d 1279, 1284 (11th Cir. 2008)(citing United States v. Moore, 525

F.3d 1033, 1042 (11th Cir. 2008)).

In determining this issue, a jury must consider "(1) whether a common goal existed; (2) the

nature of the underlying scheme; and (3) the overlap of the participants." Id. at 1284. The Eleventh

Circuit found it important to note that

> "[s]eparate transactions are not necessarily separate conspiracies, so long as the
> conspirators act in *concert* to further a common goal. If a defendant's actions
> facilitated the endeavors of other co-conspirators, or *facilitated the venture as
> a whole*, a single conspiracy is established." Id. "It is irrelevant that particular
> conspirators may not have known other conspirators or may not have
> participated in every stage of the conspiracy; all that the government must
> prove is an agreement or common purpose to violate the law and intentional
> joining in this goal by coconspirators." [citation omitted].

Id. (internal quotations and citations omitted) (emphasis in original). Furthermore, "a jury may find

that a single conspiracy existed when 'a "key man"' directs and coordinates the activities and

individual efforts of various combinations of people." Id. at 1284-85 (internal quotations and

citations omitted).

The Government's proffered evidence suggests that a jury may find that a single conspiracy

existed. Defendants' motion essentially requests this Court to "pre-try" the case on an issue which

should be left for the jury.

### **Recommendation**

Accordingly, this Court respectfully recommends that the Motions to Dismiss Counts 1 and

3 of the Indictment be **DENIED**.

The parties have ten (10) days from the date of this Report and Recommendation within

which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of July, 2009.

_____

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Jose E. Martinez
     counsel of record