UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-10078-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUERGEN HEINZ WILLIAMS,          **REPORT AND RECOMMENDATION**

    Defendant.

_____/

On or about September 1, 2010, court-appointed defense counsel Eric M. Cohen ("Counsel") submitted a voucher application numbered FLS 10 3321 with appended time sheets requesting $10,335.35 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA").

Although Defendant Juergen Heinz Williams ("Defendant") was initially represented by other counsel in this case, Counsel represented Defendant for slightly more than four (4) months from his appointment on March 9, 2010 until July 26, 2010. After initially reviewing the voucher application, I requested a more detailed explanation regarding some of the entries listed in the voucher. To that end, I met with Counsel on October 28, 2010 to discuss his voucher.

Counsel seeks $10,335.35, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, Court approval is required. Consequently, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 389]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for

the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); U.S. v. Griggs, 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total

processing than the average case, including pre-trial and post-trial hearings. *Id.*

Under the Guidelines, in order to be compensated in excess of the statutory maximum, I must first find that the representation was either complex or extended. I conclude, however, that this case was not extended or sufficiently complex to justify recommendation of compensation in excess of the statutory maximum allowed under the CJA.

## DISCUSSION

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel documented a single in-court hour in the voucher for a total of $125.00. The CJA administrator made no changes to the number of in-court hours or the amount incurred.

The CJA administrator also reviewed the $9,750.00 Counsel billed for out-of-court hours. Counsel sought 22.2 hours for "Interviews and conferences" and 32.3 hours for "Obtaining and reviewing records". Counsel also sought compensation for 14.1 hours for "Legal research and brief writing", 5.7 hours of "Travel time" and 3.7 hours for "Investigative and Other work." Counsel further sought $88.00 in "Travel Expenses" and $372.35 in "Other Expenses." The CJA administrator made no changes to either the total number of out-of-court hours listed in the voucher or the total amount sought by Counsel for out-of-court hours.

The CJA administrator slightly reduced the amount of expenses sought by Counsel in the category "Travel Expenses" from $88.00 to $84.00. The CJA administrator made no

changes to the $372.35 Counsel sought for "Other Expenses. After making the above described adjustments, the CJA administrator concluded that the total amount sought by Counsel decreased from $10,335.35 to $10,331.35.

## *Undersigned's Review and Recommendation*

### Background

In making this recommendation, the undersigned reviewed the fee request and time sheets submitted, and the case record as it relates to Counsel's representation of Defendant.

As a matter of background, the original Indictment **[DE # 1]** in this matter was issued on November 21, 2008. The grand jury later returned a Superseding Indictment **[DE # 91]** on May 22, 2009. The Superseding Indictment contained four counts. The government alleged that Defendant and three codefendants were involved in a conspiracy to import and distribute controlled substances. The government further alleged that Defendant knowingly imported controlled substances in to the United States in February 2005 and that he possessed these controlled substances with intent to distribute. Defendant faced a maximum sentence of life imprisonment for Counts I and III and a term of forty (40) years for Counts II and IV.

The first trial in this matter took place from September 14, 2009 through September 29, 2009, lasting fifteen (15) days. That trial ended in a mistrial. **[See DE # 235]**. The second trial began on January 4, 2010 and concluded on January 13, 2010 lasting nine (9) days. At the conclusion of the second trial, the jury found Defendant guilty on all counts. **[See DE # 305]**. The Court also entered an order requiring Defendant to forfeit $233,413.00. **[See DE # 312]**.

Two other lawyers represented Defendant prior to Counsel's appointment. **[See DE # 62]**. Following the second trial, irreconcilable differences arose between Defendant and his second lawyer. **[See DE # 314]**. The second lawyer sought leave from the Court to withdraw. The Court granted the request and Counsel was appointed to represent Defendant on March 9, 2010. **[See DE # 319]**. Counsel's representation ended on July 26, 2010.

## The Voucher

Although I conclude that the time spent out-of-court by Counsel was justified, in order for the undersigned to award Counsel more than the $9,700.00 statutory maximum allowed under the CJA, I must first conclude that this case was either "extended" or "complex". "Excess compensation is to be allowed if the legal or factual problems in the case, or the quantity of the service demanded, are "significantly" greater than average. The point of reference is the case commonly encountered, and the comparison must reveal enough margin of difference to justify a confident conclusion that excess compensation is essential to fairness." *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (quoting *United States v. Bailey,* 581 F.2d 984, 987 (D.C. Cir. 1978)). In comparing this case to the "case commonly encountered", there is no such margin of difference present in this case to justify an award in excess of the maximum compensation allowed under the CJA.

Again, an "extended" case is a case in which more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. See Section §2.22B(3) of the Guidelines. Counsel began representing Defendant as CJA counsel on March 9, 2010. Counsel's representation in this matter ended on July 29, 2010,

four (4) months later.

Counsel only incurred a single in-court hour with respect to this matter. Although Counsel served as CJA counsel for four (4) months, a review of the docket, the pleadings and Counsel's own time sheets reveals that this case did not require more time for processing than the average case.

I also conclude that this was not a complex case. A "complex" case exists where the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §2.22B(3) of the Guidelines. The issues with respect to the representation of Defendant at sentencing were not complex. The sentencing proceedings did not require Counsel to expend more time, skill or effort than normally required in sentencing proceedings. Accordingly, this case cannot be considered extended.

In considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *Mukhtaar,* 2008 WL 2151798, at * 2 (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono

nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)).

In considering these principles with respect to the instant case, I conclude that an award of $9,700.00 plus expenses, the maximum allowed under the CJA, is fair, although admittedly not full compensation for Counsel's services.

I commend Counsel for his professionalism and willingness to take this and other CJA appointments; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). I conclude that this case was neither "complex" nor "extended" sufficient to justify compensating Counsel in excess of the $9,700.00 (plus expenses) maximum allowed under the CJA.

## CONCLUSION

In sum, based upon my review of the voucher, having personally reviewed the time sheets and the case record as it relates to Counsel's voucher, I am **RECOMMENDING** that Counsel be paid $9,700.00, the statutory maximum, plus expenses of $456.35, for a total of $10,156.35 as fair and final compensation for his work on this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this _4_ day of November, 2010.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    Eric M. Cohen, Esq.
    Lucy Lara, CJA administrator