UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-10078-CR-MARTINEZ

UNITED STATES OF AMERICA,
    Plaintiff,

v.

JUERGEN HEINZ WILLIAMS,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about November 5, 2012, court-appointed defense counsel Samuel Rabin, Jr. ("Counsel") submitted a voucher application numbered FLS 11 3215 with appended time sheets requesting $15,012.50 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel submitted a November 5, 2012 letter in support of his voucher application.

Counsel represented Defendant Juergen Heinz Williams ("Defendant") from December 18, 2011 to October 16, 2012 and seeks compensation for this time in the voucher application. Counsel seeks $15,012.50 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 457]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex and extended. This case was indeed complex.

The procedural nature and legal issues in this case made this case more complex than the average case. This case originally began in November 2008 when the grand jury returned an Indictment **[DE # 1]** against Defendant and three co-defendants. The grand jury later returned a Superseding Indictment **[DE # 91]** on May 22, 2009.

The Superseding Indictment contained four counts. The government alleged that Defendant his codefendants were involved in a conspiracy to import and distribute controlled substances. The government further alleged that Defendant knowingly imported controlled substances in to the United States in February 2005 and that he possessed these controlled substances with intent to distribute. Defendant faced a maximum sentence of life imprisonment for Counts I and III and a term of forty (40) years for Counts II and IV.

The first trial in this case took place between September 14, 2009 through September 29, 2009 and lasted fifteen days. That trial ended in a mistrial.

Defendant was tried a second time. The second trial took place from January 4, 2010 through January 13, 2010 and lasted nine days. At the conclusion of the second trial, Defendant was found guilty on all counts. Defendant appealed his sentence. Defendant was successful on appeal and his conviction and sentence were reversed. The United States Court of Appeal for the Eleventh Circuit remanded the case for a new trial.

On remand, Defendant was initially represented by another attorney. After that attorney sought to withdraw, Counsel was appointed to represent Defendant. At the time that Counsel was appointed, the case was already three years old and there had been two previous trials. Counsel was required to learn everything about this case very quickly and he had to quickly prepare for trial.

Counsel had to review all of the pleadings and the entire record of what had occurred in the case prior to his appearance - including the transcripts from two trials - in a short time frame. The procedural posture of this case required Counsel to expend more time, in a very short time frame, than was required in the typical case.

Nearly six months after Counsel began representing Defendant, the government filed a Superseding Information **[DE # 432]** against Defendant. The Superseding Information **[DE # 432]** contained only one count alleging that Defendant engaged in a conspiracy to commit money laundering. Defendant initially entered a not guilty plea to the Superseding Information. Counsel prepared for trial. As Counsel explained, "[i]t was only two (2) weeks prior to trial that Mr. Williams decided to enter into a plea agreement with the government." (November 5, 2012 letter). Defendant entered a guilty plea to the one count contained in the Superseding Information. **[See DE # 436]**.

Later, irreconcilable differences arose between Defendant and Counsel. **[See DE # 448]**. As a result, Counsel sought leave from the Court to withdraw. The Court granted Counsel's request and Counsel was replaced by another attorney on October 11, 2012. **[See DE # 450]**.

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex due to the procedural posture of the case at the time that Counsel was appointed. As a result, this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### Voucher Amount - Administrator's Review

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 1.5 in-court hours totaling $187.50.

The CJA administrator also reviewed the 118.60 out-of-court hours sought by Counsel. Counsel sought compensation for 33.8 hours for "Interviews and conferences", 52.2 hours for "Obtaining and reviewing records" and 15.6 hours for "Legal research and brief writing." Counsel also sought compensation for 17.0 hours for "Investigative and Other work."

### In-Court Hours[1]

Counsel sought compensation for 1.5 in-court hours totaling $187.50. The CJA administrator made no change to either the number of in-court hours or the total amount of compensation sought for this time. I approve $187.50 as reasonable.

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

## Out-of-Court Hours

Counsel requested compensation for 118.60 out-of-court hours, totaling $14,825.00, in this case. After thoroughly reviewing each entry in the voucher and each pleading in this case, I recommend that Counsel's voucher be reduced.

First, with respect to the 33.8 hours Counsel billed for "Interviews and conferences," I recommend that a few of the entries be eliminated. Counsel included three entries that are not sufficiently detailed to comport with the requirements prescribed in the Supplemental Instructions:

| | | |
|---|---|---|
| 12/27/11 | Phone conference with AUSA Lenny Athas | .30 hours [Reduce to 0.1 hour] |
| 1/31/12 | Phone conference with AUSA Lenny Athas | 0.4 hours [Reduce to 0.1 hour] |
| 6/6/12 | Phone conference with AUSA Lenny Athas | .30 hours [Reduce to 0.1 hour] |

The Supplemental Instructions make clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to the conversations, Counsel failed to explain the reason for the duration of these telephone conferences. Accordingly, I recommend that these entries be reduced, for a total reduction of .70 hours or $87.50.

Counsel included a few entries for clerical matters which are not eligible for reimbursement under the CJA. The portions of the entries which are not compensable are highlighted below:

| | | |
|---|---|---|
| 12/20/11 | Prepare and *efile* motion to continue trial | .60 hours [Reduce to 0.5 hours] |

| Date | Description | Hours |
|---|---|---|
| 12/21/11 | Prepare and *efile* Reply to Government's Response to Motion to Continue Trial | .50 hours [Reduce to 0.4 hours] |
| 1/7/12 | Prepare and *efile* Response to Government's Motion Requiring Notice of Public Authority Defense | .40 hours [Reduce to 0.3 hours] |
| 5/22/12 | Prepare and *efile* Motion to Retain Defendant at FDC | .30 hours [Reduce to 0.2 hours] |
| 6/7/12 | Prepare copy of trial testimony for client | .20 hours [Eliminate] |
| 10/2/12 | Prepare and *efile* Motion to Withdraw | .60 hours [Reduce to 0.5 hours] |
| 10/8/12 | Prepare and *efile* Second Motion to Withdraw | 1.20 hours [Reduce to 1.1 hours] |

I recommend that the above entries be eliminated because these entries reflect clerical duties that are not compensable. The Guidelines make clear that "[e]xcept in extraordinary circumstances, whether work is performed by counsel or other personnel, the following expenses associated with CJA representation are not reimbursable: personnel; rent; telephone service; and secretarial." Section §230.66.10(b) of the Guidelines. The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court reinforces the Guidelines: "[c]lerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable." Accordingly, I recommend that Counsel should not be compensated for the above listed entries. This results in a total reduction of .8 hours or $100.00.

There are three other troublesome entries in the voucher:

| | | |
|---|---|---|
| 1/12/12 | Phone conference with client's ex-wife | 0.2 hours [Eliminate] |
| 3/9/12 | Phone conference with Shauna Gulnac (guardian of Oriana Vargas) | .30 hours [Eliminate] |
| 3/12/12 | Meeting with client's daughter | 2.10 hours [Eliminate] |

I recommend that the above entries be eliminated because the Supplemental Instructions make clear that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." The time spent conversing with Defendant's family members or friends about the status of the case is "hand holding" that is not compensable under the CJA because it is not time which directly contributes to Defendant's defense. Eliminating these entries results in a reduction of $325.00.

In reviewing a CJA voucher, it is critical to remember that "representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). Furthermore, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA

representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In applying these principles to the instant case, I conclude that an award of $14,312.50 for out-of-court hours is fair.

## CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts in this case. As I explained above, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00.

Based upon my review of the time sheets, the November 5, 2012 letter, the docket and filings in this case, I RECOMMEND that Counsel be paid $14,500.00 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this __6__ day of February, 2013.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    Samuel J. Rabin, Jr. Esq.
    Lucy Lara, CJA administrator