UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-10078-CR-MARTINEZ/SNOW(s)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JUERGEN HEINZ WILLIAMS,

    Defendant.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant, Juergen Heinz Williams' pro se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 480), which was referred to United States Magistrate Judge Lurana S. Snow, for Report and Recommendation. The Defendant contends that, pursuant to Amendment 782 to the United States Sentencing Guidelines, a retroactive amendment, his base offense level should be 36, plus enhancements, and the resulting sentence should be 188 months imprisonment. The Government's position is that the Defendant is not eligible for application of the Amendment because his post-amendment offense level remains at 38. (ECF No. 491)  The Defendant filed his reply on October 28, 2016 (ECF No. 508), and the Motion is fully briefed.

The two-step process for application of a retroactive Sentencing Guidelines amendment is set forth in Dillon v. United States, 560 U.S. 817, 827 (2010):

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the Defendant had the relevant amendment been in effect at the time of the initial sentencing. . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

The Court noted that pursuant to § 1B1.10(b)(2), "courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." Id.

In the instant case, the Defendant entered a plea of guilty to an information charging him with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The Presentence Invetigation Report reflects that the Defendant was sentenced based on an offense level of 38 because the underlying offense conduct, for which the Defendant was responsible, involved 31,700 kilograms of marijuana. This base offense level was enhanced by 6 levels, then reduced by 3 levels for acceptance of responsibility, for a total offense level of 41. The resulting Advisory Guidelines Range was 324-405 months, but since the maximum prison term for the offense to which the Defendant pled guilty was 20 years, the Guideline sentence was 240 months. (PSR at 28, 35.)

Pursuant to Amendment 782, U.S.S.G. § 2D1.1(5), the base level for offenses involving more than 31,000 kilograms of marijuana is 36. Assuming *arguendo* that the Defendant is eligible for retroactive application of the Amendment, his total offense level, with the same 6-level enhancement and 3-level reduction, would be 39. With the applicable criminal history category of 1, the Defendant's Guidelines range would be 262-327 months. Since the maximum sentence of 20 years once again is lower than the Guidelines range, the Defendant's Guidelines sentence remains at 240 months. Therefore, the Defendant would not be entitled to a reduction of sentence based on Amendment 782.

In his reply, the Defendant raises additional issues, including an objection to the amount of drugs utilized to compute his offense level, the terms of his agreement with the Government, statute of limitations arguments and the failure to his attorney to explain the nature of the information to which the Defendant entered his plea. These issues cannot be raised in a motion to reduce sentence under § 3582(c)(2), which only "provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." Dillon, 560 U.S. at 825.

## **CONCLUSION**

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Defendant, Juergen Heinz Williams' pro se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) be DENIED, based on the fact that the record establishes by a preponderance of evidence that the amount of drugs involved in this case was 31,700 pounds of marijuana.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 24th day of January, 2017.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Michael P. Sullivan (MIA)

Mr. Juergen Heinz Williams, pro se (Sent via U.S. Mail)
No. 34673-018
Atlanta-USP
Post Office Box 150160
Atlanta, GA 30315